WATTS LAW APC
AARON C. WATTS, SBN 246095
awatts@wattslawyers.com
JONATHAN DYKSTRA, SBN 258947
jdykstra@wattslawyers.com
9900 Research Drive
Irvine, California 92618
Telephone: (949) 622-8980
Facsimile: (949) 622-8901

Attorneys for Defendant GLOBAL MOTIVATION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VENATOR TRADING AND BROKERAGE LTD, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL MOTIVATION, INC. and DOES 1 through 20, <br><br> Defendant. | Case No.: 2:20-cv-09195-GW-KS <br><br> Assigned for all purposes to: <br><br> Hon. George H. Wu <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> Complaint filed: October 7, 2020 |

## ANSWER

Defendant GLOBAL MOTIVATION, INC. (hereinafter, "**GMI**" or "**Defendant**") by and through its counsel hereby Answers the Complaint of Plaintiff VENATOR TRADING AND BROKERAGE LTD (hereinafter, "**Plaintiff**" or "**Venator**") as follows:

## JURISDICTION

1. In response to paragraph 1 of the Complaint, GMI admits that this is an action brought by Plaintiff and that it is incorporated in Nevada. GMI does not have sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of paragraph

1 of the Complaint and denies the same on that basis. GMI denies any remaining allegations as set forth in Paragraph 1.

## THE PARTIES

2. In response to paragraph 2 of the Complaint, GMI does not have sufficient knowledge and information to form a belief as to the truth or falsity of the allegations and denies the same on that basis. GMI denies any remaining allegations as set forth in Paragraph 2.

3. In response to paragraph 3 of the Complaint, GMI admits that it is a Nevada corporation but denies that its principal place of business is located at 2711 N Sepulveda Blvd #287, Manhattan Beach, CA 90266. GMI denies any remaining allegations as set forth in Paragraph 3.

4. In response to paragraph 4 of the Complaint, GMI does not have sufficient knowledge and information to form a belief as to the truth or falsity of the allegations and denies the same on that basis.

## GENERAL ALLEGATIONS

5. In response to paragraph 5 of the Complaint, GMI admits that it engaged in discussions with Venator representatives regarding Venator paying to reserve a speaking engagement by Jordan Belfort. GMI admits that Mr. Belfort has been referred to as the "Wolf of Wall Street". GMI denies any remaining allegations as set forth in Paragraph 5.

6. In response to paragraph 6 of the Complaint, GMI admits that Mr. Belfort has been listed as a director and Chief Financial Officer of GMI in secretary of state filings. GMI denies any remaining allegations as set forth in Paragraph 6.

7. In response to paragraph 7 of the Complaint, GMI admits that an upfront, non-refundable payment is required to reserve Mr. Belfort's time. GMI denies any remaining allegations as set forth in Paragraph 7.

8. In response to paragraph 8 of the Complaint, GMI admits that an upfront, non-refundable payment is required to reserve Mr. Belfort's time. GMI denies any remaining allegations as set forth in Paragraph 8.

\ \

9. In response to paragraph 9 of the Complaint, GMI admits that on or about November 28, 2018, Plaintiff submitted a wire to GMI's bank account for $150,000 as an upfront, non-refundable payment to reserve Mr. Belfort's time. GMI denies any remaining allegations as set forth in Paragraph 9.

10. In response to paragraph 10 of the Complaint, GMI denies all allegations therein.

11. In response to paragraph 11 of the Complaint, GMI admits that Plaintiff decided not to move forward with Mr. Belfort's speaking engagement.

12. In response to paragraph 12 of the Complaint, GMI admits that Plaintiff decided not to move forward with Mr. Belfort's speaking engagement.

13. In response to paragraph 13 of the Complaint, GMI denies that Plaintiff was or is entitled to demand or receive $150,000 from GMI. GMI denies any remaining allegations as set forth in Paragraph 13.

**CLAIM FOR RELIEF**

**(Common Count: Money Had and Received)**

14. GMI incorporates its responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

15. In response to paragraph 15 of the Complaint, GMI denies all allegations therein.

16. In response to paragraph 16 of the Complaint, GMI denies all allegations therein.

17. In response to paragraph 17 of the Complaint, GMI denies that Plaintiff is entitled to any money from it. GMI denies any remaining allegations as set forth in Paragraph 17.

**CLAIM FOR RELIEF**

**(Unjust Enrichment/Restitution)**

18. GMI incorporates its responses to paragraphs 1-17 of the Complaint as if fully set forth herein.

19. In response to paragraph 19 of the Complaint, GMI admits that on or about November 28, 2018, Plaintiff submitted a wire to GMI's bank account for $150,000 as an upfront, non-refundable payment to reserve Mr. Belfort's time. GMI denies any remaining allegations as set forth in Paragraph 19.

WATTS LAW APC
9900 RESEARCH DRIVE
IRVINE, CALIFORNIA 92618
TELEPHONE (949) 622-8980


20. In response to paragraph 20 of the Complaint, GMI denies all allegations therein.

21. In response to paragraph 21 of the Complaint, GMI denies all allegations therein.

## CLAIM FOR RELIEF

### (Conversion)

22. GMI incorporates its responses to paragraphs 1-21 of the Complaint as if fully set forth herein.

23. In response to paragraph 23 of the Complaint, GMI admits that on or about November 28, 2018, Plaintiff submitted a wire to GMI's bank account for $150,000 as an upfront, non-refundable payment to reserve Mr. Belfort's time. GMI denies any remaining allegations as set forth in Paragraph 23.

24. In response to paragraph 24 of the Complaint, GMI admits that Plaintiff unilaterally decided not to move forward with Mr. Belfort's speaking engagement. GMI denies that Plaintiff was or is entitled to demand or receive $150,000 from GMI. GMI denies any remaining allegations as set forth in Paragraph 24.

25. In response to paragraph 25 of the Complaint, GMI admits that Plaintiff unilaterally decided not to move forward with Mr. Belfort's speaking engagement. GMI denies that Plaintiff was or is entitled to demand or receive $150,000 from GMI. GMI denies any remaining allegations as set forth in Paragraph 25.

26. In response to paragraph 26 of the Complaint, GMI admits that Plaintiff unilaterally decided not to move forward with Mr. Belfort's speaking engagement. GMI denies that Plaintiff was or is entitled to demand or receive $150,000 from GMI. GMI denies any remaining allegations as set forth in Paragraph 26.

27. In response to paragraph 27 of the Complaint, GMI denies all allegations therein.

28. In response to paragraph 28 of the Complaint, GMI denies all allegations therein.

29. In response to paragraph 29 of the Complaint, GMI denies all allegations therein.

\\

\\

\\

## CLAIM FOR RELIEF

### (Constructive Trust)

30. GMI incorporates its responses to paragraphs 1-29 of the Complaint as if fully set forth herein.

31. In response to paragraph 31 of the Complaint, GMI admits that Plaintiff unilaterally decided not to move forward with Mr. Belfort's speaking engagement. GMI denies that Plaintiff was or is entitled to demand or receive $150,000 from GMI. GMI denies any remaining allegations as set forth in Paragraph 31.

32. In response to paragraph 32 of the Complaint, GMI admits that Plaintiff unilaterally decided not to move forward with Mr. Belfort's speaking engagement. GMI denies that Plaintiff was or is entitled to demand or receive $150,000 from GMI. GMI denies any remaining allegations as set forth in Paragraph 32.

33. In response to paragraph 33 of the Complaint, GMI admits that Plaintiff unilaterally decided not to move forward with Mr. Belfort's speaking engagement. GMI denies that Plaintiff was or is entitled to demand or receive $150,000 from GMI. GMI denies any remaining allegations as set forth in Paragraph 33.

## PRAYER FOR RELIEF

34. GMI incorporates its responses to paragraphs 1-33 of the Complaint as if fully set forth herein. GMI denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

1. GMI is informed and believes, and thereupon alleges, that the Complaint and each claim for relief therein fails to state a claim.

\ \

\ \

\ \

**SECOND AFFIRMATIVE DEFENSE**

**(WAIVER)**

2. GMI is informed and believes, and thereupon alleges, that Plaintiff's claims as asserted in the Complaint have been waived.

**THIRD AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

3. GMI is informed and believes, and thereupon alleges, that Plaintiff is estopped from asserting the claims set forth in the Complaint by virtue of its conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(LACHES)**

4. GMI is informed and believes, and thereupon alleges, that Plaintiff's claims are barred by laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

5. GMI is informed and believes, and thereupon alleges, that Plaintiff has failed to mitigate any damages alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(OFFSET)**

6. GMI is informed and believes, and thereupon alleges, that by virtue of the acts, omissions, breaches, and misrepresentations of Plaintiff, GMI has incurred and will incur damages and expenses, all in amounts to be ascertained and applied as an offset against the claims of Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(NO STANDING)**

7. GMI is informed and believes, and thereupon alleges, that Plaintiff has no standing to assert the claims set forth in the Complaint.

\ \

\ \

**EIGHTH AFFIRMATIVE DEFENSE**

**(JUSTIFICATION)**

8. GMI is informed and believes, and thereupon alleges, that its conduct in the above-entitled action was justified.

**NINTH AFFIRMATIVE DEFENSE**

**(INTERVENING ACT)**

9. GMI is informed and believes, and thereupon alleges, that Plaintiff's claims as asserted in the Complaint are barred by independent, intervening, or superseding acts of other parties.

**TENTH AFFIRMATIVE DEFENSE**

**(NEGLIGENCE)**

10. GMI is informed and believes, and thereupon alleges, that all allegations, injuries, or damages set forth in the Complaint were proximately caused and contributed to by the negligence, acts, omissions, and/or legal fault of Plaintiff, parties other than GMI, and/or third parties. If Plaintiff obtains any recovery, said amount must be reduced in proportion to the extent that said harm arises from the negligence, acts, omissions, or legal fault of others.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

11. GMI is informed and believes, and thereupon alleges, that Plaintiff consented to the conduct of GMI.

**TWELFTH AFFIRMATIVE DEFENSE**

**(EXCUSE FROM PERFORMANCE)**

12. GMI is informed and believes, and thereupon alleges, that Plaintiff's actions constituted a breach of its contractual obligations to GMI and by reason of such breach(es) GMI has been excused of any duty it may have had to perform any obligation set forth in any agreements with Plaintiff.

\ \

\ \

## THIRTEENTH AFFIRMATIVE DEFENSE

## (CONTRIBUTION AND APPORTIONMENT)

13. GMI is informed and believes, and thereupon alleges, that in the event GMI is held liable to Plaintiff – which liability is expressly denied – the negligence and carelessness of Plaintiff and/or third parties far exceeded that of GMI, who is therefore entitled to contribution from and an apportionment of the liability to these parties. GMI further alleges that the negligence and carelessness of these parties contributed in a substantial percentage to the loss, injury, or damage allegedly sustained, entitling GMI to contribution from and an apportionment of the liability to these parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

14. GMI is informed and believes, and thereupon alleges, that Plaintiff's claims are barred by virtue of its unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (FULL PERFORMANCE OF OBLIGATIONS)

15. Prior to the commencement of this Action, GMI duly performed, satisfied, and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations, or contracts made by or on behalf of GMI.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (RELEASE)

16. GMI is informed and believes, and thereupon alleges, that Plaintiff's actions constituted a full release by Plaintiff of any and all claims which it may have had against GMI.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

17. GMI is informed and believes, and thereupon alleges, that the claims set forth in the Complaint are barred by the applicable statute of limitations.

\ \

\ \

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (NON-WAIVER OF OTHER DEFENSES)

18. GMI preserves such other affirmative defenses that may become available to it by this answer and does not waive subsequent defenses.

### PRAYER

WHEREFORE, Defendant GLOBAL MOTIVATION, INC. prays that the Court make its declaration and enter judgment against Plaintiff as follows:

1. That the Court enter judgment dismissing Plaintiff's Complaint with prejudice;
2. That GMI be awarded all recoverable costs and fees incurred herein; and
3. That GMI be awarded such other and further relief as the Court may deem just and proper.

Dated: March 22, 2021            WATTS LAW APC

Attorneys at Law

By:_____
AARON C. WATTS
JONATHAN D. DYKSTRA
Attorneys for GLOBAL MOTIVATION, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California, at the law firm of WATTS LAW APC (9900 Research Drive, Irvine, California 92618). I am over the age of 18 and not a party to the within action.

On March 22, 2021, I served, in the manner indicated below, the foregoing document described as **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties to this action as follows**:**

<u>**VIA E-Service and E-Mail**</u>
Counsel for Plaintiff VENATOR TRADING AND BROKERAGE LTD
Conte C. Cicala
Michael Saenz
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, CA 94111
conte.cicala@clydeco.us
michael.saenz@clydeco.us

☐ (BY REGULAR MAIL) I caused such envelope(s) to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day, and that practice was followed in the ordinary course of business for the service herein attested to. [C.C.P. Section 1013(a)(3)] [see mailing list]

☒ (BY ELECTRONIC SERVICE VIA CM/ECF) - I caused the above-entitled document(s) to be electronically filed with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ (BY ELECTRONIC MAIL) I caused such document(s) to be served by electronic mailing to the electronic mail addresses of the parties listed above. [see mailing list]

I declare under penalty of perjury under the laws of the State of California that all the foregoing is true and correct. Executed on March 22, 2021, at Irvine, California.

*/s/ Kirsten K.*

Kirsten Kim, Declarant